**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001061
30-JUN-2014
01:09 PM**

NO. CAAP-12-0001061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BG INCORPORATED, a Hawai'i corporation,
BRYAN FUNAI and CYNTHIA J. FUNAI,
Plaintiffs-Appellees,
vs.
P.F. THREE PARTNERS, WILLIAM S. ELLIS, JR.,
UPLAND INVESTMENTS, LTD., a Hawai'i corporation,
OLINDA LAND CORPORATION, a Hawai'i corporation,
MICHAEL A. ROCCO, LINDROC, LTD., a Hawai'i corporation,
BARBARA A. SUMIDA, Successor Trustee of the Masaru Sumida Trust,
STANLEY UNTEN, Trustee and Shareholder of Banana Growers of
Hawai'i, Inc., a dissolved Hawai'i corporation,
TAMAE M. SHIRAISHI and DEBRA J. SHIRAISHI-PRATT,
Successor Co-Trustees to Charley T. Shiraishi,
Trustee of the Charley T. Shiraishi Revocable Trust,
Defendants-Appellants
and
JOHN DOES 1-100; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 05-1-0232(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Ginoza, JJ.)

Defendants-Appellants William S. Ellis, Jr. (Ellis),
appearing *pro se*, and P.F. Three Partners (PF3) (collectively,
"Appellants") appeal from the Amended Final Judgment filed on

September 18, 2012, in the Circuit Court of the Second Circuit (Circuit Court).[1]  We affirm.

I.

Plaintiffs-Appellees Bryan Funai and Cynthia J. Funai (collectively, the "Funais") sued PF3 seeking specific performance of PF3's obligation under a Deposit Receipt Offer and Acceptance Agreement (DROA) to convey good marketable title to Lot 8 in the Olinda Ranch Estates Subdivision (Lot 8) to the Funais for $285,000.  On December 30, 2008, the Circuit Court issued an order granting the Funais' motion for summary judgment on their claim for specific performance and ordering PF3 to sell Lot 8 to the Funais pursuant to the DROA.  PF3 did not comply with the December 30, 2008, order.

In 2009, the Funais discovered that PF3 had not cleared a mortgage encumbering Lot 8 held by Upland Investments Ltd. (the "Upland Mortgage"), and that another mortgage, held by the SUS Appellees[2] (the "SUS Mortgage"), had been added to the property in 2007.  The SUS Mortgage was created as part of a settlement agreement reached as the result of a lawsuit filed by the SUS Appellees (SUS Lawsuit) against PF3, Lindroc Ltd., Ellis, Olinda Land Corp. ("Olinda"), Upland Investments Ltd. ("Upland"), Trio Produce and Brokerage, Inc., and the Internal Revenue Service. The settlement agreement gave the SUS Appellees a mortgage on Lot 8 superior to the mortgage held by Upland.

In February 2010, the Circuit Court permitted the Funais to file a Supplemental Complaint adding Ellis, Upland, Olinda, Michael A. Roccco, Lindroc Ltd., and the SUS Appellees as parties to the Funais' lawsuit to enable the Funais to obtain judicial relief against all parties and entities claiming an interest in Lot 8. The Amended Final Judgment entered by the

---

[1] The Honorable Kelsey T. Kawano presided.

[2]  The parties collectively referred to as the "SUS Appellees" are Defendants-Appellees Barbara A. Sumida, Stanley Unten, Tamae S. Shiraishi, and Debra Shiraishi-Pratt, in their respective capacities.

2

Circuit Court on September 18, 2012, provides that pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 70: (1) PF3, Upland, and Olinda, and their successors, are divested of all right, title, and interest in Lot 8, including their interest in the Upland Mortgage;[3] and (2) the Funais are vested with all right, title and interest in Lot 8, subject to specified encumbrances, liens, and exceptions, which include the SUS Mortgage.

II.

On appeal, Appellants argue[4] that: (1) the Circuit Court lacked subject matter jurisdiction over Lot 8 since November 4, 2010, when the escrow company hired for the conveyance of Lot 8 withdrew; (2) HRCP Rule 70 is procedurally inapplicable to the Amended Final Judgment; (3) it would be impossible to comply with the Circuit Court's December 10, 2008, order, which required the specific performance of the DROA within sixty days of the order; and (4) the Amended Final Judgment is substantively invalid, does not conform to the pleadings, is barred by judicial estoppel, and is an invalid mortgage foreclosure. We conclude that Appellants' arguments are without merit. We resolve the arguments raised by Appellants on appeal as follows:

(1) Appellants contend that the withdrawal of the escrow company designated to handle the conveyance of Lot 8 resulted in depriving the Circuit Court of subject matter jurisdiction. We disagree. The withdrawal of the escrow company had no effect on the Circuit Court's jurisdiction, its order for specific performance, or its ability to enforce that order.

---

[3] The record reflects that Upland was a limited partner and Olinda was a general partner of PF3, and that all these entities were controlled by Ellis.

[4] Ellis filed opening and reply briefs which PF3 adopted and incorporated by reference without submitting additional arguments. We note that default judgments were entered against Upland and Olinda. Although Ellis purports to appear as the statutory liquidator for Upland and Olinda, he makes no argument that the Circuit Court erred in entering default judgments against them. Accordingly, assuming without deciding that Ellis may appear for Upland and Olinda, we do not reach the merits of any claims relating to Upland or Olinda.

3

(2)  Appellants contend that the Circuit Court erred in entering its Amended Final Judgment pursuant to HRCP Rule 70.  We disagree.  The Circuit Court entered the Amended Final Judgment after PF3 failed to comply with the Circuit Court's December 30, 2008, order to specifically perform the DROA.  HRCP Rule 70 provides, in relevant part, that "[i]f real or personal property is within the State, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law."  Under the circumstances of this case, we conclude that the Circuit Court did not err in relying on HRCP Rule 70 in entering the Amended Final Judgment.

(3)  Appellants contend that because it is impossible to comply with the Circuit Court's December 30, 2008, order, which required the specific performance of the DROA within sixty days of the order, the Amended Final Judgment is invalid.  We reject this argument.  PF3's failure to comply with the Circuit Court's December 30, 2008, order did not preclude the Circuit Court from ordering other appropriate relief.

(4)  We reject Appellants' arguments that the Amended Final Judgment is substantively invalid, does not conform to the pleadings, is barred by judicial estoppel, and is an invalid mortgage foreclosure.  The Amended Final Judgment is not substantively invalid because the Circuit Court was entitled to rely on HRCP Rule 70 and it had the authority to grant the relief it ordered.  The Funais' requests for relief, which included divesting PF3 and Upland of title in Lot 8, were broad enough to encompass the relief provided in the Amended Final Judgment.  Therefore, the Amended Final Judgment is not subject to invalidation for failure to conform to the pleadings or based on judicial estoppel.  Appellants provide no persuasive authority to support their argument that the Circuit Court erred in entering the Amended Final Judgment because it constituted an invalid mortgage foreclosure, and we conclude that this argument is without merit.  As noted, the Amended Final Judgment was properly

4

entered because the Circuit Court was entitled to rely on HRCP Rule 70 and it had the authority to grant the relief it ordered.

III.

The Circuit Court's Amended Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

William Ellis, Jr.
Defendant-Appellant
Pro Se

David C. Farmer
(David C. Farmer AAL, LLLC)
for Defendant-Appellant
P.F. Three Partners

Robert K. Matsumoto
for Defendants-Appellees
Barbara A. Sumida, et. al.

Gary G. Grimmer
Ann C. Kemp
(Gary G. Grimmer & Associates)
for Plaintiffs-Appellees)

*Craig H. Nakamura*
Chief Judge

*Lawrence M. Reifurth*
Associate Judge

*Tim M. Ginoza*
Associate Judge